JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>MENZIES AVIATION USA Inc. et al,<br><br>Defendants. | Case No. 2:26-cv-04807-HDV-SK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]** |

## I. INTRODUCTION

This action involves employment-related claims by an employee who alleges she was fired after disclosing her pregnancy to her employer. Plaintiff Natalie Alvarez ("Plaintiff" or "Alvarez") filed an employment action on July 7, 2025 in Los Angeles Superior Court. Complaint [Dkt. 1-3]. On May 4, 2026, Defendants Menzies Aviation (USA) Inc. ("Menzies") and David Funes ("Funes") removed the action, invoking diversity jurisdiction on the theory that individual Defendant Funes was fraudulently joined. Notice of Removal ("NOR") [Dkt. 1].

Before the Court is Plaintiff's Motion to Remand to the Los Angeles Superior Court ("Motion"). [Dkt. 10]. The central question presented is whether Funes is a sham defendant joined for the sole purpose of destroying diversity jurisdiction. Defendants maintain that because Plaintiff cannot establish the sex harassment or retaliation claim brought against Funes, his joinder should be considered fraudulent. *Id.*

For the reasons discussed below, the Motion is granted. The Court concludes that because a potential harassment claim can be alleged against Funes, removal was improper.

## II. BACKGROUND

Plaintiff was employed by Menzies as a cargo handler. Complaint ¶¶ 13, 15. Menzies is a global aviation provider that has locations in Ontario, San Diego, Santa Ana, Los Angeles, and San Jose del Cabo. *Id.* ¶¶ 10–11, 15. Funes was an operations manager at the Los Angeles location and his responsibilities "involved overseeing the safety of cargo operations." NOR ¶ 59.

According to the Complaint, on November 15, 2023, Plaintiff informed Aurea Quinonez, a Human Resources Manager ("HR Manager") and Funes, who had a supervisory role, that she was pregnant and would require lifting restrictions due to her position as a cargo handler. Complaint ¶¶ 16–17. On that same day, Funes assigned her a heavy lifting task, and when she expressed discomfort with performing this task, he immediately sent her home without pay. *Id.* ¶ 19. The following day, Funes yelled at her in front of her coworkers, told her that she was a "liability" and had to leave, and threated to call authorities to have her escorted out. *Id.* ¶ 20. When she went to speak with the HR Manager, Plaintiff was told that nothing could be done. *Id.* ¶ 21. The HR Manager allegedly placed Plaintiff on leave without pay until her next doctor's appointment since

she did not have a doctor's note. *Id.*

On November 17, 2023, Plaintiff informed both the HR Manager and Funes that she "felt as if this was a personal attack against [her] following the announcement of [her] pregnancy on the day prior." *Id.* ¶ 22.

On December 1, 2023, Plaintiff wrote to the HR Manager that she received a note from her doctor with certain work restrictions and complained that the Human Resources ("HR") department was not responding to her. *Id.* ¶¶ 24, 26. A Menzies employee responded that they were "not able to accommodate [her] restrictions," and instead advised her to take unpaid leave from November 27, 2023 through her delivery date of July 11, 2024. *Id.* ¶ 27.

Plaintiff reached out to the HR Manager on December 7, 2026, to ask if there were any alternative positions available for her, and also repeated that she was "comfortable with her regular job duties." *Id.* ¶ 28. In response, she was informed that once her doctor filled out her initial work restrictions again on a different form, she would be able to return to work with an accommodation. *Id.* ¶ 29.

After an appointment with her doctor, Plaintiff delivered the completed form requested by Menzies on January 25, 2024. On January 29, 2024, Plaintiff was told that, "[m]anagement is [un]able to accommodate [her] restrictions" and provided her with unpaid leave paperwork. *Id.* ¶ 32. This was the final exchange Plaintiff had with Menzies before giving birth. *Id.* ¶ 33.

Plaintiff received a Worker Adjustment and Retraining Notification (WARN) on August 23, 2024, stating she would be among the employees to be laid off effective October 31, 2024. *Id.* ¶ 33, 34. On September 1, 2024, Plaintiff provided the HR department with the requested documentation from her doctor to facilitate her return to work, however, she received the notice officially ending her employment on October 31, 2024. *Id.* The effective end date was November 16, 2024. *Id.* ¶ 34.

On July 7, 2025, Plaintiff filed a complaint in Los Angeles Superior Court asserting nine causes of action: (1) pregnancy discrimination; (2) disability discrimination; (3) sex harassment; (4) failure to prevent discrimination or retaliation; (5) failure to engage in a good faith interactive process; (6) failure to provide reasonable accommodations; (7) retaliation; (8) retaliation for reasonable complaint to employer; (9) and wrongful termination. *Id.* ¶¶ 40–129. Of these, only the

sex harassment claim in violation of Cal. Gov. Code Section 12940(j) and retaliation claim in violation of Labor Code § 1102.5 are brought against Defendant Funes. *Id.* ¶¶ 71, 113.

Defendants removed the case on May 4, 2026. Notice of Removal at 2. Plaintiff filed the present Motion to Remand under U.S.C. Section 1447 on June 3, 2026. The Motion is fully briefed. *See* Opposition [Dkt. 13]; Reply [Dkt. 15]. The Court heard oral argument on July 9, 2026, and took the matter under submission. [Dkt. 16].

**III. LEGAL STANDARD**

Generally, a civil action filed in state court may properly be removed if there is federal subject matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy exceeds $ 75,000. *See* 28 U.S.C. §§ 1441, 1331, 1332. Complete diversity is required, meaning each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The removal statute is strictly construed against removal, and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009).

Removal based on diversity jurisdiction is proper under Section 1446(b)(3) when a non-diverse defendant has been fraudulently joined. *See e.g. Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (finding that "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mill*s, 889 F.3d 543, 548 (9th Cir. 2018). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* Fraudulent joinder is a term of art and does not require an ill motive on the part of the plaintiff. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983). A defendant must prove fraudulent

joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

## IV. DISCUSSION

### A. Fraudulent Joinder[1]

Plaintiff contends that removal was improper because a valid claim has been alleged against Funes. Motion at 4.

The standard for establishing fraudulent joinder is demanding. "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (citation omitted) (emphasis in original). The Court need only identify a "glimmer of hope that plaintiff can establish [a] claim" to remand the action. *Gonzalez v. J.S. Paluch Co.*, No. 12-cv-8696-DDP-FMOx, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013).

Plaintiff asserts two causes of action against individual Defendant Funes: sex harassment on the basis of sex, gender, and pregnancy that created a hostile work environment, and retaliation for making an internal complaint.[2] Complaint ¶¶ 67, 69, 112–113. Plaintiff alleges that Funes harassed her based on her gender and pregnancy in violation of the California Fair Employment and Housing Act ("FEHA"). Complaint ¶¶ 67, 69, 71. FEHA makes it unlawful for, *inter alia*, "an employer . . . or any other person," to harass an employee due to a medical condition, sex, or gender. Cal. Gov. Code § 12940(j)(1). To establish a prima facie harassment claim under FEHA, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment; and for entity defendants, (5) a supervisor engaged in the conduct, or the employer knew or should have

---

[1] Plaintiff is a citizen of California and Funes is a resident of California. Complaint ¶ 2, 4. Menzies is incorporated in Delaware, with its principal place of business in Sunrise, Florida. NOR ¶ 23. Because Funes' presence in the lawsuit would destroy diversity of citizenship, the dispute is whether Funes was fraudulently joined. *See* Notice of Removal ¶ 12; Motion at 8.

[2] Plaintiff does not discuss the merits of her retaliation claim in the Motion, so the Court will not address it here.

known of the conduct and failed to take corrective action. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608, 608 n.6 (1989).

Here, Plaintiff avers that she belongs to a protected group because she was pregnant at the time Funes harassed her, which she disclosed to Funes and the HR Manager at the meeting on November 15, 2023. Complaint ¶¶ 16–17. She asserts that Funes yelled at and "belittled" her in front of her coworkers and declared that she was a "liability to the company to even have [her] at work," plausibly establishes the unwelcome harassment requirement. *Id.* ¶ 20. Plaintiff maintains that the harassment was based on her pregnancy because Funes' comments directly related to and implicated her condition. *Id.* After the incident with Funes, Plaintiff was placed on leave without pay. *Id.* ¶ 21. In addition, Plaintiff pleads facts to show that she was "publicly branded a liability by management, denied access to HR, and threatened with arrest the morning after disclosing a pregnancy." Reply at 5 (citing Cal. Gov. Code § 12923(b) ("A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment.")). These facts show (at the very least) a "possibility" that Funes' actions were severe or pervasive enough to create an abusive working environment. *Grancare*, 889 F.3d at 548; *Fisher*, 214 Cal. App. 3d at 609.

Moreover, individual supervisory employees can be held personally liable for harassment under FEHA. Cal. Gov. Code § 12940(j)(3); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996) ("[L]iability for harassment, which extends to 'any person' and hence extends to 'individuals,' encompasses individual supervisory employees."). Here, Funes was an operations manager, and Plaintiff plausibly alleges that she was under Funes's supervision. Complaint ¶ 13.

The Court therefore finds that Defendants have failed to show, by clear and convincing evidence, that no possible harassment claim can be asserted against Funes.[3] *Grancare*, 889 F.3d at

---

[3] A more fulsome analysis into the merits of the defense's factual contentions are beyond the scope of a jurisdictional determination. *Grancare*, 889 F.3d at 548–49 ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal.").

548; *Hamilton Materials*, 494 F.3d at 1206. Complete diversity is therefore lacking, and the Court is without subject matter jurisdiction to hear the action. Plaintiff also moves for an award of attorney's fees under 28 U.S.C. § 1447(c), which the Court denies.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is granted. The action is remanded back to the Los Angeles County Superior Court.

Dated: August 10, 2026

Hernán D. Vera
United States District Judge